UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 4:20CR504 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| KVONN WATSON, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

Before the Court is Defendant Kvonn Watson's Amended Motion to Modify Detention and Request for Oral Hearing. (Doc. 79). For the following reasons, Defendant's Motion is **DENIED** without a hearing.

### I. BACKGROUND

On September 3, 2020, a Grand Jury indicted Defendant on twelve counts stemming from a conspiracy to distribute various narcotics. (*See* Doc. 1). On October 10, 2020, authorities arrested Defendant.

A few days later, Defendant appeared before Magistrate Judge Henderson. The Magistrate Judge granted temporary detention pending a Detention Hearing. (Doc. 46). She also granted Defendant a temporary furlough to attend a family member's funeral. (Doc. 47).

On October 16, 2020, the Magistrate Judge conducted a Detention Hearing. There, the Magistrate Judge granted the Government's detention request and detained Defendant pending trial. (Doc. 52). In detaining Defendant, the Magistrate Judge held that clear and convincing

evidence established that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community. (*Id.*).

On December 11, 2020, Defendant filed his Motion to Modify. (Doc. 79). On December 14, 2020, the Government opposed the Motion. (Doc. 81).

## II. LAW & ANALYSIS

The relief Defendant seeks is unclear. He brings his motion "pursuant to 18 U.S.[C.] § 3142," but does not highlight a specific section. Instead, he cites the general provision concerning a person's initial appearance and the judicial officer's options regarding detention. *See* 18 U.S.C. § 3142(a). Beyond these two cites, Defendant's Motion contains no law.

The Government addresses the possibility of a material change in Defendant's circumstances under 18 U.S.C. § 3142(f). That provision allows a district court to reopen a detention proceeding based on new information. 18 U.S.C. § 3142(f). However, the new information must 1) have been unknown to the movant at the time of the hearing; and 2) have "a material bearing on the issue of whether there are conditions of release that will reasonably assure a defendant's appearance at trial and the safety of any other person in the community." *United States v. Watson*, 475 Fed. App'x 598, 600 (6th Cir. Apr. 13, 2012) (citing § 3142(f)(2)(B)). "In other words, the new information must be of a nature that would increase the likelihood that the defendant will appear at trial and would show that the defendant is less likely to pose a danger to the community." *Id.*

Defendant justifies his pretrial release on his asthma and being at a "high risk" for contracting COVID-19 while awaiting trial. (Doc. 79, PageID: 299). However, this is not 'new information.' Defendant's medical records indicate his asthma has been present since at least February 22, 2018. As Defendant admits, COVID-19 has been present in Ohio since March of

2020. Yet Defendant allegedly trafficked in narcotics during the pandemic. (Doc. 79, PageID: 303, arguing that Defendant became involved in the conspiracy in September of 2020). Moreover, the spread of the virus within Ohio prisons has been well documented. Finally, Defendant's successful furlough trip happened prior to the Detention Hearing.

Since Defendant—and the Magistrate Judge—had this information prior to the Detention Hearing, Defendant cannot now rely on it as new information to justify his release.[1]

### III. CONCLUSION

The Court understands Defendant's concerns over the COVID-19 pandemic. However, the facts that support these concerns were well known at the time of the Detention Hearing. As such, no new information exists to justify reopening the detention proceeding. Accordingly, the Court **DENIES** Defendant's Motion (Doc. 79) in its entirety without a hearing.

**IT IS SO ORDERED.**

s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**

**Dated: January 12, 2021**

---

[1] To the extent Defendant is appealing the Magistrate Judge's detention order under 18 U.S.C. § 3145(b), Defendant's request likewise fails. The Court agrees with the Government that Defendant's Motion does not adequately address Defendant's danger to the community considering the Magistrate Judge's findings.